UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRANDON KRETSCHMER,

                Plaintiff,

-v.-

CURB MOBILITY LLC, *et al.*,

                Defendants.

25 Civ. 9758 (KPF)

**NOTICE OF INITIAL PRETRIAL CONFERENCE**

---

KATHERINE POLK FAILLA, District Judge:

    This case has been assigned to me for all purposes. It is hereby ORDERED that counsel for all parties appear for an initial pretrial conference with the Court on **February 19, 2026, at 10:30 a.m.** The conference will be held telephonically. At the scheduled date and time, the parties are to call (855) 244-8681 and enter access code 2315 780 7370.

    All counsel are required to register promptly as filing users on ECF. All pretrial conferences must be attended by the attorney who will serve as principal trial counsel. Counsel are further required to review and comply with the Court's Individual Rules of Practice in Civil Cases ("Individual Rules") available at https://nysd.uscourts.gov/hon-katherine-polk-failla.

    Counsel are directed to confer with each other prior to the conference regarding settlement and each of the other subjects to be considered at a Federal Rule of Civil Procedure 16 conference. Additionally, in accordance with the Court's Individual Rules, the parties are hereby ORDERED to file by ECF and to submit via e-mail (Failla_NYSDChambers@nysd.uscourts.gov) a Proposed Civil Case Management Plan and Scheduling Order in PDF format by Thursday of the week prior to the initial pretrial conference. The parties shall use this Court's form Proposed Civil Case Management Plan and Scheduling Order, which is also available at https://nysd.uscourts.gov/hon-katherine-polk-failla. Any open legal issues can be addressed at the conference.

    IT IS FURTHER ORDERED that included with the Proposed Civil Case Management Plan and Scheduling Order, the parties jointly submit a letter, not to exceed five pages, providing the following information in separate paragraphs:

    (i)    A brief statement of the nature of the action, the principal defenses thereto, and the major legal and factual issues that are most important

>   to resolving the case, whether by trial, settlement, or dispositive motion;
>
> (ii)   A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation, the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees. *See, e.g., Handelsman* v. *Bedford Vill. Assocs. L.P.*, 213 F.3d 48 (2d Cir. 2000).
>
> (iii)   A statement of all existing deadlines, due dates, and/or cut-off dates;
>
> (iv)   A brief description of any outstanding motions;
>
> (v)   A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations;
>
> (vi)   A statement describing the status of any settlement discussions and whether the parties would like a settlement conference; and
>
> (vii)   Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.

If this case has been settled or otherwise terminated, counsel are not required to submit such letter or to appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on ECF prior to the date of the conference.

In accordance with the Court's Individual Rules and Practices, requests for an extension or adjournment may be made only by letter and must be received at least 48 hours before the deadline or conference. The written submission must state (i) the original date(s); (ii) the number of previous requests for adjournment or extension; (iii) whether these previous requests were granted or denied; (iv) the reason for the current request; and (v) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. Unless counsel are notified that the conference has been adjourned, it will be held as scheduled.

Counsel who have noticed an appearance as of the issuance of this order are

directed (i) to notify all other parties' attorneys in this action by serving upon each of them a copy of this order and the Court's Individual Rules forthwith, and (ii) to file proof of such notice with the Court. If unaware of the identity of counsel for any of the parties, counsel receiving this order must forthwith send a copy of this order and the Court's Individual Rules to that party personally.

*The Court schedules initial pretrial conferences with the expectation that one or more of the parties would like an in-person opportunity to bring matters to the Court's attention, and it welcomes that opportunity. However, the Court recognizes that in certain circumstances — as, for example, where the parties are in agreement about the proposed discovery schedule and have no issues to raise with the Court — such conferences may represent less-efficient uses of the parties' time and resources. If the parties agree on a schedule that calls for the close of all discovery within six months, and have no other issues to raise with the Court, the parties can, if they wish, submit a Proposed Civil Case Management Plan and Scheduling Order and request in their joint letter that the initial pretrial conference be cancelled. The Court will ordinarily grant such requests.*

SO ORDERED.

Dated:   December 4, 2025
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge